**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>MICHELLE MANOR; OREN MANOR,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, Secretary, Department of Homeland Security; MERRICK B. GARLAND, Attorney General; UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services; ANNE ARRIES CORSANA, District Director, U.S. Citizenship and Immigration Services; ANYA RONSHAUGEN, Portland Field Office Director, U.S. Citizenship and Immigration Services,<br><br>Defendants-Appellees.</td><td>No. 20-35720<br><br>D.C. No. 3:18-cv-00522-AC<br><br>MEMORANDUM*</td></tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 8, 2021[]
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Plaintiffs Michelle and Oren Manor sue under the Administrative Procedure Act, challenging the Board of Immigration Appeals' ("BIA") determination that Oren was ineligible to be the beneficiary of a Form I-130 Petition for an Alien Relative, as a prelude to adjustment of status, on the ground that he had previously entered into a fraudulent marriage for the purpose of gaining immigration benefits. They appeal the district court's grant of summary judgment against Plaintiffs.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's grant of summary judgment.  *Wang v. Rodriguez*, 830 F.3d 958, 960 (9th Cir. 2016).  "Our review of the BIA's decision to impose a marriage-fraud penalty is governed by the Administrative Procedure Act.  We must set aside the BIA's decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Zerezghi v. USCIS*, 955 F.3d 802, 807 (9th Cir. 2020) (quoting 5 U.S.C. § 706(2)(A)).  "We review de novo whether the BIA violated procedural due process in adjudicating an I-130

---

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

petition[.]" *Id.* at 807 (citing *Ching v. Mayorkas*, 725 F.3d 1149, 1155–59 (9th Cir. 2013)).

First, the BIA's denial of the I-130 petition was not arbitrary and capricious. While the agency's finding of marriage fraud must be based on "'substantial and probative evidence' . . . , on review, [we] must examine whether there was 'substantial evidence' to support the finding." *Id.* at 814 n.6. "Under this standard, we must affirm unless the evidence is so compelling that no reasonable fact-finder could fail to find the facts were as [Plaintiffs] alleged." *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004).

The record does not compel the conclusion that Oren's previous marriage to Casey Brice was bona fide—that is, that they "intend[ed] to establish a life together at the time they were married." *Bark v. INS*, 511 F.2d 1200, 1201 (9th Cir. 1975). Oren, Brace, and Brace's daughter were the only people present at their wedding in October 2006. The record contains scant and conflicting evidence of Oren and Brace's courtship and conflicting evidence as to whether they ever cohabitated. *See Matter of Singh*, 27 I & N Dec. 598, 609 (BIA 2019) ("[E]vidence that the parties knowingly and deliberately attempted to mislead or deceive immigration officials regarding their cohabitation, joint finances, or other aspects of the marriage strongly indicate fraud."). When interviewed separately and asked

3

questions about their relationship and daily lives as a married couple, Oren and Brace gave vague and sometimes conflicting answers. Affidavits submitted in response to requests for additional evidence provide little support from friends or family that their marriage was bona fide. Manor submitted additional evidence including joint banking account statements and joint car insurance, but these were dated nearly two years after the marriage, following the requests for additional evidence. Accordingly, the Manors failed to rebut the substantial evidence showing Oren Manor's marriage to Brace was fraudulent.

Second, USCIS did not violate the Manors' due process rights by failing to provide an opportunity to cross-examine Brace after her 2010 interview. In *Ching*, 725 F.3d 1149, we applied the factors set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and found a due process violation in the agency's failure to allow a spouse to cross-examine her first husband during an I-130 interview. We concluded that "the extreme weight of the first two factors" in that case—Ching's interest and the risk of an erroneous deprivation—meant the process by which the petition was denied was inadequate. *Ching*, 725 F.3d at 1159. But the evidentiary record in *Ching* presented a "particularly high" risk of erroneous deprivation because the petitioner "ha[d] substantial evidence that the first marriage was bona fide." *Id.* at 1158. Here, unlike in *Ching*, the agency did not rely heavily on Brace's

4

statements, and Manor did not provide compelling evidence to rebut any of her claims. *See id*. Accordingly, the risk of erroneous deprivation here is not high, and the opportunity to cross-examine Brace was not required under *Mathews*.

The Manors also contend that they should have been permitted to confront two individuals who called an immigration enforcement tip line. USCIS gave these statements no weight, however, and did not consider them in its analysis. As a result, the Manors' lack of opportunity to examine the individuals who called the tip line created no risk of erroneous deprivation under *Mathews*.

Finally, the Manors argue that the BIA erred in relying on Brace's statements because those statements were coerced. However, the Manors waived that argument by failing to raise it before the BIA. *See Reid v. Engen*, 765 F.2d 1457, 1460 (9th Cir. 1985) ("As a general rule, if a petitioner fails to raise an issue before an administrative tribunal, it cannot be raised on appeal from that tribunal.").

**AFFIRMED.**